UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAIRON NORRISE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CV02095 AGF |
| ) | |
| UNION PACIFIC RAILROAD COMPANY ) | |
| and JEFF CRANDALL, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Jeff Crandall's motion to dismiss the claims against him for lack of personal jurisdiction and improper venue.[1] For the reasons set forth below, the motion to dismiss for lack of personal jurisdiction shall be granted. Accordingly, the Court will not address the issue of venue raised by Crandall.

On December 21, 2007, Plaintiff filed this action against his former employer, Union Pacific Railroad Company ("Union Pacific"); and Crandall, his former supervisor at Union Pacific. Plaintiff, a black resident of Tennessee, seeks relief pursuant to 42 U.S.C. § 1981 and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. He alleges that Defendants committed unlawful employment practices and discriminated against him based on his race and in retaliation for his filing a complaint with the Equal Employment Opportunity Commission ("EEOC"). Specifically, he alleges that Defendants

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

"misapplied company discipline levels" with racial animus and unlawfully removed him from active service as a locomotive engineer on February 1, 2006.[2]

In his complaint, Plaintiff states that "[t]he unlawful employment practices complained of herein were committed within the Eastern District of Arkansas and in Memphis, Tennessee." Plaintiff asserts that Union Pacific is a Delaware corporation doing business in Missouri and Arkansas, and that Crandall "is a Texas resident who works in Missouri and Louisiana and who can be found in Kansas City, Missouri." (Doc. #1.) Plaintiff identifies Crandall as "Superintendent, North Little Rock, Arkansas." Plaintiff is represented by a St. Louis, Missouri, law firm. Both Defendants are represented by the same Kansas City, Missouri, law firm.

Crandall argues that this Court lacks personal jurisdiction over him because Plaintiff's claims have no connection to Missouri, Crandall's alleged actions do not fall within Missouri's long-arm statute, and Crandall's contacts with Missouri do not satisfy constitutional requirements of due process. By declaration dated May 27, 2008, Crandall declares that he no longer works for Union Pacific and lives in Texas. He estimates that he traveled to Missouri for short-term projects "approximately three times over the past two years" for his new employer, and states that he occasionally attends work meetings in Missouri for this employer, approximately every other month. He declares that he never disciplined or made any employment decisions regarding Plaintiff in Missouri, that he

---

[2] In his complaint, Plaintiff alleges that he was discriminated against "since" February 1, 2006. In his EEOC charge, he asserts that he was terminated on that date.

"almost never" worked in Missouri while employed by Union Pacific, and that he never lived in Missouri during his employment with Union Pacific. (Ex. B to Doc. #15.)

Crandall argues that the Missouri long arm statute does not extend jurisdiction over him, as a resident of Texas, because Plaintiff's claims are not founded upon business, contracts, tortious acts, or transactions performed in Missouri. Crandall denies that he had "substantial connection" with Missouri, and asserts that he did not purposefully direct his activities to this forum state while acting as a supervisor with Union Pacific. He contends that Union Pacific issued disciplinary orders from, and investigated Plaintiff's discrimination claims in, Arkansas and Tennessee. Crandall argues that he could not have anticipated being sued in Missouri, as he maintained neither systematic nor continuous contacts with this state. He further contends that his current, occasional contact with Missouri through his new employer has nothing to do with Plaintiff's claims.

In addition to his own declaration, Crandall submits the declaration of a Union Pacific Human Resources Information Systems Group employee who declares that Plaintiff's employment records are administered by Union Pacific's North Little Rock Service Unit in Arkansas, and that Plaintiff worked as an engineer in Little Rock and Pine Bluff, Arkansas, and in Memphis, Tennessee. (Ex. A to Doc. #15.)

Plaintiff responds that Crandall has sufficient contacts with Missouri for this Court to exercise personal jurisdiction over him. Plaintiff contends that his own work included travel to Missouri while under Crandall's supervision, that Crandall's territory

included Missouri at the time of the alleged unlawful employment decisions, and that thus "discriminatory supervision" occurred in Missouri.

By affidavit, Plaintiff attests that he "believes" that discriminatory employment actions and reviews by Crandall involved work performed by Plaintiff in Missouri. Plaintiff attests that he worked in Missouri both before and after Crandall became superintendent for that area, that his routes through the year 2003 "included work into Missouri," that he believes that he saw Crandall in Missouri during that time, that he received general bulletins and orders regarding work in Missouri from Crandall "and his office," that he would still be able to work in Missouri but for his termination, and that Crandall was in charge of Plaintiff's routes up to the time of Plaintiff's termination. (Ex. 1 to Doc. #17.)

Plaintiff argues that Crandall's "consistent and regular attendance in Missouri," visiting the state six to nine times per year for his current Missouri employer, and admission to three visits to the state for short-term projects, establishes systematic and continuous activity in the state. Plaintiff contends that the fact that Crandall shares Missouri counsel with Union Pacific demonstrates that the Court could exercise jurisdiction over Crandall without offending traditional notions of fair play and substantial justice. Plaintiff requests that the Court deny Crandall's motion to dismiss. In the alternative, Plaintiff requests that if the Court finds personal jurisdiction to exist but venue to be improper, that the Court transfer the case to the District Court in Memphis, Tennessee.

Crandall replies that Plaintiff's belief that employment actions and reviews were related to work performed by Plaintiff in Missouri is not an adequate basis for establishing that a tort occurred in the state, as required by Missouri's long-arm statute. He argues that Plaintiff does not specifically connect work in Missouri to the alleged adverse employment actions. Crandall contends that his Union Pacific contacts were never consistently directed to Missouri. He points out that Union Pacific does not conduct performance evaluations or reviews for locomotive engineers.

By declaration dated July 10, 2008, Crandall attests that his territory while at Union Pacific did not include Missouri. He states that as "a superintendent for Union Pacific's North Little Rock Service Unit" he worked out of Little Rock, Arkansas. Crandall explains that employees under his supervision had routes which reached into the southeast corner of Missouri, but that Missouri was not included in his territory, adding that his own limited travel into Missouri for Union Pacific was not related to supervision of daily performance of employees at Plaintiff's level. Crandall attests that he did not directly supervise employees at Plaintiff's level, did not learn about Plaintiff's day-to-day work in Missouri, and could not personally recall any report from middle management regarding Plaintiff's performance of work in Missouri. (Ex. A to Doc. #20.)

The Support Systems Manager for Crew Management Services at Union Pacific attests by declaration dated July 10, 2008, that Union Pacific records show that Plaintiff took five trips to Missouri in 2000 and 2001, with no other trips to Missouri recorded. Crandall argues that Plaintiff's work performed years earlier is not related to the alleged employment actions leading up to Plaintiff's termination, and that Plaintiff has not

established a connection between Crandall's employment decisions and Plaintiff's

Missouri work activities.[3]  (Ex. B to Doc. #20.)

## DISCUSSION

When personal jurisdiction is challenged, the plaintiff has the burden to show

that jurisdiction exists.  Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1102

(8th Cir. 1996).  To defeat a motion to dismiss for lack of personal jurisdiction, however,

the plaintiff need only make a prima facie showing of jurisdiction.  Dakota Indus., Inc. v.

Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991).  Furthermore, if the Court

relies on pleadings and affidavits to rule on the motion, the Court must look at the facts in

the light most favorable to the plaintiff as the nonmoving party.  Id.

A federal court may assume jurisdiction over a nonresident defendant only to the

extent permitted by the long-arm statute of the forum state and by the Due Process

Clause.  Primus Corp. v. Centreformat, Ltd., 221 F. App'x 492, 493 (8th Cir. 2007).

Because the Missouri long-arm statute authorizes the exercise of jurisdiction over

nonresidents to the extent permissible under the Due Process Clause, the Court asks

whether the assertion of personal jurisdiction would violate due process.  See Porter v.

Berall, 293 F.3d 1073, 1075 (8th Cir. 2002); Dominium Austin Partners, L.L.C., v.

Emerson, 248 F.3d 720, 726 (8th Cir. 2001).

For the assertion of personal jurisdiction over a nonresident defendant, due

process requires "minimum contacts" between the nonresident defendant and the forum

---

[3]  Crandall also points out in his reply that Plaintiff's response to the motion to dismiss was untimely.

state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92 (1980). Sufficient contacts exist when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." Id. at 297.

> In assessing the defendant's reasonable anticipation, it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. [The Eighth Circuit applies] a five-factor test in analyzing the constitutional requirements needed for personal jurisdiction. These factors are: (1) the nature and quality of the contacts with the forum state; (2) the quantity of contacts with the forum; (3) the relation of the cause of action to these contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. The first three factors are of primary importance, and the last two are secondary factors.

Stanton v. St. Jude Med., Inc., 340 F.3d 690, 693-94 (8th Cir. 2003) (cited cases omitted).

There are two types of personal jurisdiction—general and specific. General jurisdiction arises when a defendant's contacts with the forum state are so "continuous and systematic" that the defendant may be subject to suit there for causes of action entirely distinct from the in-state activities; specific jurisdiction arises when the defendant has purposely directed its activities at the forum state, and the cause of action relates to those activities. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 & n.8 (1984); Lakin v. Prudential Sec., Inc., 348 F.3d 704, 707 (8th Cir. 2003).

Personal jurisdiction over Crandall may not be predicated upon the Court's jurisdiction over Union Pacific, unless Crandall as an individual "engaged in activities . . . that would subject [him] to the coverage of the state's long-arm statute." Lewis v. Ark-

- 7 -

La-Tex Fin. Servs., LLC, No. 4:08CV0234 (SNL), 2008 WL 2471893, at *3 (E.D. Mo. June 10, 2008) (granting dismissal for lack of personal jurisdiction to two individual defendants, in a suit against them and their employer for wages under the Fair Labor Standards Act, because plaintiffs did not establish the individual defendants' personal minimum contacts with Missouri (quoting Donovan v. Grim Hotel Co., 747 F.2d 966, 973 n.10 (5th Cir. 1984))).

Here, there is no dispute that Crandall is a non-resident defendant. Even viewing the facts in the light most favorable to Plaintiff, Plaintiff failed to establish that his claims arose from matters in Missouri. Plaintiff alleges that Defendants' discriminatory employment decisions were made in 2006 in response to Plaintiff's work performance, including work in Missouri from 2000 to 2003. However, Plaintiff cites no specific connection between his work in Missouri and Crandall's decisions as a supervisor, and any work by Plaintiff in Missouri appears, at best, to be tangential to the dispute herein. Plaintiff has not demonstrated a nexus between his work in Missouri and the alleged unlawful employment actions, which in his complaint he claimed were taken in Arkansas and Tennessee.

Even if Crandall was in charge of Plaintiff's routes, which on occasion took Plaintiff into Missouri through the year 2003, and even if Plaintiff may have seen Crandall in Missouri during the course of Crandall's work for Union Pacific, Plaintiff does not explain the relation between these facts and Plaintiff's discriminatory discharge in 2006. Plaintiff has therefore failed to establish specific jurisdiction, because those contacts are unrelated to Plaintiff's claims. See id. (granting defendants' motion to

dismiss for lack of personal jurisdiction where plaintiffs "failed to make any specific allegations regarding Defendants' contacts with the forum, personal involvement in the alleged injury, and/or other possible sources for this Court's jurisdiction"). Plaintiff also fails in his attempt to establish the Court's general jurisdiction over Crandall's contacts with Missouri, because the uncontroverted parts of Crandall's affidavit establish that Crandall's contacts with this forum were infrequent. The Court further notes that Missouri does not have a significant interest in providing a forum to Plaintiff, a non-resident, because this cause of action arises from employment decisions made by Crandall and investigated by Union Pacific in another state.

## CONCLUSION

In sum, this Court concludes that Plaintiff has not met his burden of showing that Crandall's conduct falls within Missouri's long-arm statute, or that Crandall's contacts with Missouri satisfy constitutional requirements of due process for this Court to assert personal jurisdiction over Crandall.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Crandall's motion to dismiss the claims against him for lack of personal jurisdiction is **GRANTED**. [Doc. #14]

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of July, 2008.